JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERICAN STATES INSURANCE COMPANY, an Indiana corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>ROBERT G. HUBBARD dba NORTHWEST BEVERAGE DISTRIBUTORS and dba PUR BEVERAGES,<br><br>            Defendants.<br>_____<br>ROBERT G. HUBBARD dba NORTHWEST BEVERAGE DISTRIBUTORS and dba PUR BEVERAGES<br><br>            Counter-claimant,<br><br>    v.<br><br>AMERICAN STATES INSURANCE COMPANY,<br><br>            Counter-defendant. | Case No. 2:16-cv-03734-RGK-JPR<br><br>Hon. R. Gary Klausner<br><br>**JUDGMENT FOR AMERICAN STATES INSURANCE COMPANY** |

In its Motion for Summary Judgment (Docket Entry 27), filed on January 13, 2017, Plaintiff and Counterdefendant, American States Insurance Company ("ASIC"), sought declarations that it (a) had no duty to defend Defendant, Robert G. Hubbard d/b/a Northwest Beverage Distributors and d/b/a/ Pur Beverages ("Hubbard"), in an underlying action for trademark infringement that was litigated to judgment in this Court as Case No. 2:13-cv-06917-RGK, *POM Wonderful LLC et al. v. Robert G. Hubbard, et al*, Case 2:13-cv-06917-RGK (JPRx) (the "Underlying Action"); (b) it had, and has, no duty to defend or indemnify Hubbard in this declaratory judgment action ("this Action"); and (c) it is entitled to restitution of costs that it incurred, after April 6, 2016, defending Hubbard in the Underlying Action. ASIC also sought summary judgment on Hubbard's counterclaims.

By Order dated February 14, 2017 (the "Order"), the Court granted ASIC's Motion for Summary Judgment on all of ASIC's claims, as well as on all of Defendant's counterclaims (Docket Entry 36.) Under the Order, the Court found that all of the claims alleged in the Underlying Action arose out of a category of claims - - trademark infringement - - specifically excluded by the ASIC insurance policies at issue.[1] Accordingly, the Court determined that Hubbard did not meet his initial burden of demonstrating that the claims alleged in the Underlying Action created a potential for covered damages, triggering a duty to defend. Therefore, the Court concluded that ASIC never had a duty to defend Hubbard in the Underlying Action.

Hubbard's counterclaims for breach of contract and breach of the implied covenant of good faith and fair dealing also hinge on the duty-to-defend determination. Because ASIC had no duty to defend, its conduct in connection with the Underlying Action cannot have amounted to a breach of contract or a breach of

---

[1] Policy numbers 01-CI-547356-10, 01-CI-547356-20 and 01-CI-547356-30.

-1-

the implied covenant of good faith and fair dealing, and, accordingly, the Court granted ASIC's motion on Hubbard's counterclaims.

Under the Order, the Court found that ASIC expressly reserved its right, as of April 6, 2016, to recoup from Hubbard any defense or indemnity payments it makes that a Court determines ASIC was not obligated to make. Accordingly, the Court determined that ASIC is entitled to reimbursement of all legal fees and costs that it incurred in the Underlying Action after April 6, 2016. The Court found inconsistencies in the evidence ASIC submitted to demonstrate the precise amount of its reimbursement claim. Accordingly, the Court ordered ASIC to provide a supplemental declaration clarifying the legal costs and fees that it incurred after April 6, 2016 in the Underlying Action. On February 17, 2017, ASIC filed the required supplemental declaration (Docket Entry 38), which establishes that ASIC is entitled to $183,992.98 in reimbursement.

Accordingly, ASIC is entitled to judgment, and **the Court hereby enters its Judgement, in favor of ASIC and against Hubbard**, that:

1. ASIC never had a duty to defend Hubbard in the Underlying Action;
2. ASIC had and has no duty to defend Hubbard in this Action;
3. Hubbard is obligated to pay $183,992.98 to ASIC;
4. Hubbard's counterclaims are dismissed; and
5. ASIC may recover its costs of suit taxed in this matter from Hubbard.

**IT IS SO ADJUDGED.**

Dated: 2/23/17

*/s/ Gary Klausner*

HON. R. GARY KLAUSNER
U.S. DISTRICT COURT JUDGE